IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEANNE ROWE,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:18-1186

PEOPLES BANCORP, INC. and
RYAN WELCH,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand and Award Expenses (ECF No. 8). For the forgoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion. Furthermore, the Court **REMANDS** this case to the Circuit Court in Cabell County, West Virginia and **DENIES AS MOOT** Defendant Welch's Motion to Dismiss (ECF No. 6).

**I. BACKGROUND**

Plaintiff Jeanne Rowe filed the initial complaint in this case against Defendants, Peoples Bancorp, Inc. and Ryan Welch, in the Circuit Court of Cabell County, West Virginia on June 22, 2018. *Compl.*, pp. 3–8, ECF No. 1-1. Plaintiff then filed an amended complaint on June 28, 2018. *Am. Compl.*, pp. 9–14, ECF No. 1-1. While Peoples Bancorp is an Ohio corporation with its principal place of business in Marietta, Ohio, both Plaintiff and Defendant Welch are citizens of West Virginia. *Am. Compl.* ¶¶ 1–3; *Notice of Removal*, ¶¶ 5–7, ECF No. 1. Plaintiff alleges Defendants discriminated against her on the basis of age when they denied her multiple promotions during her employment, thus violating the West Virginia Human Rights Act ("WVHRA") and the substantial public policy of West Virginia. *Am. Compl.*, ¶¶ 33, 39. Defendants removed this case

to federal court on July 27, 2018, claiming the Court has both diversity and federal question jurisdictions. *Notice of Removal*, ¶¶ 5, 23. Plaintiff responded by filing the present Motion to Remand and Award Expenses. *Mot. Remand*, ECF No. 8.

## II. LEGAL STANDARD

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)–(2). Generally, there must be "complete diversity", where every defendant must be a citizen of a state different from every plaintiff. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

A district court also has original jurisdiction over questions of federal law. 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of a properly pleaded complaint. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159,* 714 F.2d 342, 345 (4th Cir. 1983).

Section 1446 of United States Code provides the procedure by which a defendant may remove a case to a district court. The party filing a notice of removal carries the burden of alleging and demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008). Jurisdiction must be established by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D.W. Va. Aug. 26, 2009) (internal citations omitted). In the interest of state sovereignty,

a court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

The doctrine of fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder, where "the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (emphasis in original; internal citations omitted). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The standard for fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. "[Jurisdictional rules] function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper." *Id.* at 425. Furthermore, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).

Removal is also proper when a question of federal law appears on the face of a complaint. Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a

substantial question of federal law" are subject to removal. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28, (1983). "[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction, but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 811, (1988).

### III. DISCUSSION

In the notice of removal, Defendants allege the Court has original jurisdiction over this case in both forms. *Notice of Removal*, ECF No. 1. Defendants claim there is diversity jurisdiction under the doctrine of fraudulent joinder and Plaintiff has alleged a federal question in her complaint. *Id.*, ¶¶ 11, 23. The Court addresses each in turn before looking to Plaintiff's claim for an award of expenses.

*A. West Virginia Human Rights Act*

Presently, the inclusion of Defendant Welch destroys complete diversity in this case, as both he and Plaintiff are citizens of West Virginia. *Id.*, ¶ 8. However, Defendants claim his presence in this case constitutes fraudulent joinder, as the WVHRA's prohibition on employment discrimination "only applies to 'employers.'". *Id.*, ¶ 11. Since Defendants have not alleged any fraud, the Court only needs to determine Plaintiff's possibility of recovery.

The WVHRA protects against unlawful discriminatory practices as defined in West Virginia Code § 5-11-9. The West Virginia Supreme Court of Appeals has explicitly stated the WVHRA provides a cause of action against both employers and individual persons participating in the unlawful discrimination. *St. Peter v. Ampak-Division of Gatewood Products, Inc.*, 484 S.E.2d 481, 489 (W. Va. 1997); *Holstein v. Norandex, Inc.*, 461 S.E.2d 473, Syl. Pt. 3 (W. Va. 1995) ("The term 'person,' as defined and utilized within the context of the [WVHRA], includes

both employees and employers."). A cursory search of case law on this matter plainly reveals Plaintiff has a potential claim against Defendant Welch under W. VA. CODE §5-11-9; any notion otherwise is flatly wrong.

When confronted with this reality, Defendants attempt to shift their argument and attack the sufficiency of the Complaint. *Resp. Mot. Remand*, pp. 1–2, ECF No. 13. In arguing that Plaintiff has not properly alleged a claim under the subsection of the WVHRA which holds employees liable for discriminatory acts, Defendants cite *Pack v. S&S Firestone, Inc.*, No. 5:14CV17286, 2014 WL 12625463 (S.D.W. Va. Aug. 27, 2014).

In *Pack*, the court denied the plaintiff's motion to remand because the non-diverse defendant was found to have been fraudulently joined. *Pack*, at *7. The court reasoned that, though the complaint generally alleged a violation of the WVHRA, the plaintiff did not cite the specific subsection holding employees liable, did not allege the non-diverse defendant had aided or abetted the employer, and had quoted the language of the WVHRA which only establishes liability against employers. *Id.* The court determined these factors showed the plaintiff did not sufficiently allege a claim against the non-diverse defendant. *Id.*

*Pack* is not analogous to the instant case for two reasons. First, Plaintiff has not quoted the language of subsection 1, but directs attention to West Virginia Code §5-11-9 on the whole. *Am. Compl.*, ¶ 4. More importantly, given the favorable reading Plaintiff's Complaint is entitled to, she alleged Defendant Welch aided and abetted the employer when he announced an opening for a branch manager position, told Plaintiff he would conduct interviews, and then failed to consider her on the basis of age.[1] *Am. Compl.*, ¶¶ 10–13.

---

[1] Recently, the *Pack* decision has come under scrutiny. *See Aldridge v. Marion Cty. Coal Co.*, No. 1:17CV79, 2017 WL 3446530, at *8 (N.D.W. Va. Aug. 10, 2017) ("Although the defendants contend that the plaintiffs' failure to cite the specific code section regarding individual

Furthermore, any argument about the insufficiency of Plaintiff's claims as stated is not the correct analysis under a motion to remand. Defendants bear the burden to demonstrate there is not a glimmer hope a cause of action exists; this standard is more favorable to Plaintiffs than the standard under a motion to dismiss for failure to state a claim.[2] Defendants directly undercut their own argument by acknowledging they misapply the standard. "Defendants do not deny that there could be potential liability for an individual under West Virginia Code § 5-11-9(7)[.]" *Resp. Mot. Remand*, at 1.

Here, the Plaintiff has alleged claims under the WVHRA that show the possibility of recovery. Accordingly, the Court rejects Defendants application of the doctrine of fraudulent joinder in this case and finds no diversity jurisdiction.

### B. *Violation of Substantial Public Policy*

After properly addressing Plaintiff's second cause of action as a *Harless* claim, Defendants assert this count raises a federal question.[3] *Notice of Removal*, ¶¶ 12, 23–25. Plaintiff's claim does indeed suffer from some ambiguity by citing to federal statute. The caption for the second count reads "Violation of Substantial Public Policy," which the Court understands to be a common law

---

WVHRA liability or to use statutory language such as 'aiding and abetting,' *see* W. VA. CODE § 5-11-9(7), is fatal, that failure is not determinative; the plaintiffs need not state a claim for relief in order to defeat an assertion of fraudulent joinder."). The Court reasserts the proper analysis is whether there exists "no possibility" a cause of actions exists.

[2] It is not clear that even under the relatively higher standard of a motion to dismiss that Plaintiff would fail. The United States Supreme Court has explained "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, (1957).

[3] Defendants first address Count 2 of the Complaint as a common law *Harless* claim and argue it is duplicative of any cause of action under the WVHRA. Since Defendants argue this to establish diversity jurisdiction, and the Court has determined the doctrine of fraudulent joinder does not apply, the Court does not need to determine if Count 2 is duplicative of Count 1 as a state claim.

claim arising under the West Virginia Supreme Court of Appeals decision in *Harless*. *Harless v. First Nat'l Bank*, 246 S.E.2d 270 (W. Va. 1978) (establishing liability where an employer's motivation for discharge is to contravene some substantial public policy). After incorporating her allegations of violations under the WVHRA, Plaintiff cites both a violation of public policy and a violation of 29 U.S.C. § 621, the Age Discrimination in Employment Act ("ADEA"). *Am. Compl.*, ¶ 39. The confusion created by this is nearly identical to the issue in *Daniels v. American Water Works Serv. Co., Inc.* No. 2:18-CV-00276, 2018 WL 2248602 (S.D.W. Va. May 16, 2018).

In *Daniels*, the plaintiff alleged he had been wrongfully terminated and filed claims under both the WVHRA and violation of substantial West Virginia public policy. *Id.* at *1. In the latter claim, plaintiff stated West Virginia public policy was set forth under the Family and Medical Leave Act, 28 U.S.C. §2601, et seq. *Id.* Defendants then removed the case to federal court, arguing the invocation of federal statute created federal question jurisdiction. *Id.* The court disagreed and found the plaintiff was alleging a *Harless* claim. *Id.* The court reasoned the mere reference to federal statute did not sufficiently indicate the plaintiff intended to pursue a federal claim and "[would] not infer a federal claim where none was alleged." *Id.* at *2. "*If* the court is ultimately faced with any question of federal law, the question will be only incidental to the fact-based resolution of the dispute and will be of no importance to the federal system as a whole." *Id.* (emphasis in original). "[I]t is the role of the West Virginia courts to determine whether [the claim] falls within the contours of a clearly recognizable public policy in the State of West Virginia." *Davis v. Cabella's Inc.*, No. 5:07-cv-88, 2008 WL 183717, at *1 (N.D.W. Va. Jan. 18, 2008).

Here, Plaintiff titled the cause of action as a state claim and reasserts this was her intent. *Memo. Supp. Mot. Remand*, p. 10, ECF No. 9. Citation to the ADEA is merely referential. While Defendants' confusion is understandable, the Court reads this as a *Harless* claim under West

Virginia state law, with any question of federal law being incidental to the fact-based resolution of the dispute. As such, the Court finds no federal question jurisdiction.

*C. Expenses and Attorney's Fees*

As a final matter, Plaintiff requests an award for her expenses and attorney's fees for this removal under 28 U.S.C. § 1447(c). Courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). A removing party does not have an objectively reasonable basis for removal if the basis for removal is contrary to clear case law and "a cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction." *Husk v. E.I. Du Pont De Nemours and* Co., 842 F.Supp. 895, 899 (S.D.W.Va.1994).

As set forth above, Plaintiff's citation to federal statute created some understandable confusion. Furthermore, while a cursory search of case law should have revealed to Defendants the "WVHRA" creates a cause of action against both employers and employees, the decision in *Pack* distorted the applicable standard when determining a motion to remand. As such, the Court finds an objectively reasonable basis for removal existed and denies Plaintiff an award for costs and attorney's fees.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Remand and Award Attorney's Fees (ECF No. 8) is **GRANTED IN PART** and **DENIED IN PART**. The Court **REMANDS** the case to the Circuit Court in Cabell County, West Virginia and **ORDERS** the case to be removed from the docket. Accordingly, the Court **DENIES AS MOOT** Defendant Welch's Motion to Dismiss the Amended Complaint (ECF No. 6).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 19, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE